**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

BARABARA McLAREN, on behalf of herself and other similarly situated

Plaintiffs,

-against-

THE UPS STORE, INC., TURQUOISE TERRAPIN LLC formerly d/b/a UPS Store #4122, RK & SP SERVICES, INC., formerly d/b/a UPS Store #4122, and HAMILTON PACK N SHIP LLC, d/b/a UPS Store #4122,

Defendant.

Case No. 3:21-cv-14424

**DEFENDANTS THE UPS STORE, INC.'S, RK & SP SERVICES, LLC'S, AND HAMILTON PACK N SHIP, LLC'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C §§ 1332, 1441, 1446, AND 1453**

PLEASE TAKE NOTICE that Defendants The UPS Store, Inc., RK & SP Services, LLC, and Hamilton Pack N Ship, LLC ("Defendants") hereby remove to this Court the State Court Action described below pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. Defendants deny the allegations and damages claimed in the Amended Complaint filed in the State Court Action, and submit this notice without waiving any defenses, exceptions, or obligations that may exist in their favor in either state or federal court.

**Procedural History and Timeliness of Removal**

1. On May 13, 2020, Plaintiff Barbara McLaren commenced an action in the Superior Court of New Jersey, Law Division – Mercer County, Case No. MER-L-000919-20 (the "State Court Action"). Plaintiff filed a First Amended Complaint (the "FAC") on June 26, 2020.

2. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendants in the action are attached to this notice collectively as Exhibit A to the Declaration of David J. Fioccola in Support of Defendants' Notice of Removal ("Fioccola Dec.").

3. In the FAC, Plaintiff alleges that on April 2, 2020, she had two documents notarized at a The UPS Store® franchise business located at 957 R. 33, Suite 12, Hamilton Square, New Jersey, 08690 (the "Hamilton Center"), which, at that time, was owned and operated by RK & SP Services, LLC. Plaintiff claims that she was charged $5.00 for each notarization. All of Plaintiff's causes of action are premised on the notion that these transactions violated N.J. Stat. Ann. § 22A:4-14 ("Section 22A:4-14"), which provides in relevant part that "For a service specified in this section, foreign commissioners of deeds, notaries public, judges and other officers authorized by law to perform such service, shall receive a fee as follows: . . . For taking all acknowledgments, $2.50." Based on these allegations, Plaintiff sued three different entities who at different times operated a The UPS

Store® at the Hamilton Center – (1) RK & SP Services, which operated the Hamilton Center when Plaintiff had documents notarized on August 26, 2019, (2) Turquoise Terrapin LLC, which transferred the franchise rights to RK & SP Services sometime before August 26, 2019, and (3) Hamilton Pack N' Ship to whom RK & SP Services transferred the franchise rights to operate the Hamilton Center sometime after August 26, 2019. In addition, Plaintiff sued TUPSS, Inc., the franchisor of The UPS Store® centers. Plaintiff purports to assert claims against all four defendants for violations of Section 22A:4-14, the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1, unjust enrichment, civil conspiracy, and "equitable and injunctive relief." In addition, Plaintiff is seeking certification of both a plaintiff class, consisting of all persons who paid fees to TUPSS, Inc. in excess of the statutory fees in Section 22A:4-14 for notary services in New Jersey, and a defendant class, consisting of all persons and entities who currently own or operate, or who previously owned or operated, a The UPS Store® franchise business in New Jersey for at least a six-year period.[1]

[1] A similar case, *Tripicchio v. The UPS Store, Inc.* was filed on November 16, 2020 in the Superior Court of New Jersey, Law Division – Burlington County, Case No. BUR-L-002219-20. The *Tripicchio* case is also a putative class action based on alleged violations of Section 221:4-14. Defendants in *Tripicchio* will be removing that action to federal court and noticing it as related to this action after this action is assigned pursuant to Local Civil Rule 40.1 so that the two cases can efficiently proceed before the same judge.

4. The FAC does not specify the amount Plaintiff alleges to be in controversy. Rather, Plaintiff vaguely requests unspecified "compensatory damages in an amount to be determined by a jury," as well as treble damages under N.J. Stat. Ann. § 56:8-19, "punitive damages," "pre-judgment and post-judgment interest," and "attorneys' fees and costs." (*See* FAC "Prayer for Relief".) Plaintiff also seeks injunctive relief "prohibiting Defendants from charging" more than $2.50 to have a document notarized. The FAC does not allege how many members are in the proposed plaintiff class, nor allege how many times Plaintiff believed a class member was charged more than $2.50 or how much each class member was overcharged.

5. Removal is timely. Under 28 U.S.C. § 1446(b)(1), "in the event the initial pleading demonstrates the basis for removal, the notice of removal must be filed 'within 30 days after the receipt by 'the defendant.''" *Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585, 593 (D.N.J. 2016) (quoting 28 U.S.C. § 1446(b)(1)). "If, however, the initial pleading does not demonstrate a basis for removal, the petition must 'be filed within 30 days after receipt by the defendant' of a litigation document (either an 'amended pleading, motion, order or other paper') demonstrating sufficient jurisdictional facts" under 28 U.S.C. § 1446(b)(3). *Id.*

6. Here, the deadlines under §§ 1446(b)(1) and (b)(3) were never triggered because the FAC does not allege that the amount in controversy exceeds

the $5 million requirement under the Class Action Fairness Act of 2005 ("CAFA") and defendants have not received any other litigation document demonstrating that plaintiffs are seeking more than $5 million. *See id*. at 594 ("even a cursory inspection of Plaintiffs' Class Action Complaint reveals that it fails to describe a basis for federal jurisdiction . . . [it] provides no clue as the numeric composition of the proposed class, nor to the aggregate damages sought by the unquantified class . . . because neither Plaintiffs' Complaint nor their subsequent dismissal submissions provided Defendants with facts demonstrating federal jurisdiction under CAFA, the Court concludes that the 30-day removal clocks of 28 U.S.C. § 1446(b)(1) and (3), supra, have not been triggered either by the Complaint or any other litigation document received by Defendants.")

7. There is no prohibition against defendants removing a case without waiting to receive some other "litigation document" that would trigger the deadlines under § 1446(b)(3). "[T]he weight of persuasive authority has rejected the view that the 30-day removal windows of 28 U.S.C. §§ 1446(b)(1) and (b)(3) provide the exclusive periods for removal, embracing instead the notion that defendants may remove once they determine, based upon a review of their own records, that the action meets the requirements of CAFA." *Id*. at 595 (collecting cases).

8. Here, Defendants are timely filing this notice after an investigation of their records revealed that the $5 million amount in controversy requirement for diversity jurisdiction under CAFA has been met.

**Basis for Removal Jurisdiction**

9. Generally. The action is removable under CAFA, 28 U.S.C. §§ 1332(d) and 1453(b).

10. Covered Class Action. This action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a), (b). Plaintiff purports to bring a class action on behalf of "All natural persons who paid fees to TUPSS in excess of the statutory maximum set forth in N.J. Stat. Ann. § 22A:4-14 for notary services in New Jersey." (FAC ¶ 72.) Plaintiff alleges that the Class "include[s] hundreds if not thousands of individuals…." (*Id.* ¶ 75.)

11. Diversity. The minimal diversity standard of the CAFA is met as long as any defendant is a citizen of a state different from any member of the putative class of plaintiffs. 28 U.S.C. § 1332(d)(2)(A). Plaintiff alleges that she is a New Jersey citizen resident and that the putative class consists of "all customers of TUPSS [Inc.] in New Jersey," which would include citizens not only from New

Jersey but from other states—for example neighboring Pennsylvania and New York—who were "customers" at a The UPS Store® franchise in New Jersey. (FAC ¶¶ 3, 10.) As of the date the State Court Action was filed, and as of the date of this removal, Defendant TUPSS, Inc. is a Delaware corporation with its principal place of business in San Diego, California. (Milner Decl. ¶ 6; *see* FAC ¶ 11.)

12. Amount in Controversy – Alleged Damages. This Court has original jurisdiction over a class action "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs…." 28 U.S.C. § 1332(d)(2). The claims of the individual class members are aggregated to determine whether the matter in controversy requirement is met. *Id.* § 1332(d)(6). Here, TUPSS, Inc.'s internal records demonstrate that for the putative six year class period there were 1,068,852 transactions for notary services at The UPS Store® centers in New Jersey. (Declaration of Judith Milner, dated July 28, 2021 ("Milner Decl."), ¶ 5.) Conservatively assuming that there was only one item notarized in each transaction and that, accepting Plaintiff's allegations as true, there was a $2.50 overcharge per transaction, Plaintiff is seeking at least $2,672,130 in compensatory damages. *See, e.g.*, *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (calculating amount in controversy by multiplying named plaintiff's alleged damages by number of individuals in the putative class). Further, because Plaintiff asks for

treble damages under the New Jersey Consumer Fraud Act, monetary damages that she is seeking are at least $8,016,390.  *See id*. (where plaintiff class requests punitive damages provided for under a statute a court "must consider [them] when calculating the amount in controversy." (citation omitted))  Plaintiff also seeks an injunction requiring all The UPS Store® franchisees in New Jersey never to charge more than $2.50 for any notarial services.  The present value of a lost stream of payments of $445,355 (based on an average of 178,142 transactions per year at $2.50 rather than $5.00) for 20 years is nearly $9 million.  *See, e.g.*, *McNair v. Synapse Grp., Inc.*, Civil Action No. 06-5072 (JLL), 2009 U.S. Dist. LEXIS 103108, at *6-7 (D.N.J. Nov. 5, 2009) ("In the Third Circuit, for actions seeking an injunction, 'it is settled that the amount in controversy is measured by the value of the right sought to be protected by the equitable relief.'") (quoting *In re Corestates Trust Fee Litig.*, 39 F.3d 61, 65 (3d Cir. 1994)).  Finally, Plaintiff also seeks an award of attorney's fees.  (FAC "Prayer for Relief".)  This amount should be included in determining the amount in controversy, and could be as much as 30% of a judgment, or $2.4 million.  *See*, *Frederico*, 507 F.3d at 199 (when assessing the amount in controversy, courts "must also consider attorney's fees [which] could be as much as thirty percent of the judgment" in a class action).  Accordingly, the amount is controversy is well over the required $5 million threshold.

**Notice to State Court**

13. A copy of this Notice of Removal was filed with the Clerk of the Superior Court of New Jersey, Law Division – Mercer County, (*See* Fioccola Decl. ¶ 3 attaching the state court removal notice without exhibits as Exhibit B.)

Accordingly, Defendants respectfully submit that this action is removed properly pursuant to CAFA.

Dated: New York, New York
July 30, 2021

MORRISON & FOERSTER LLP

By: /s/ David J. Fioccola

David J. Fioccola
Adam J. Hunt *pro hac vice forthcoming*
250 West 55th Street
New York, New York 10019
Tel: (212) 468-8000
Fax: (212) 468-7900
E-mail: dfioccola@mofo.com
adamhunt@mofo.com

Mark R. McDonald, Esq. *pro hac vice forthcoming*
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Tel: (213) 892-5200
mmcdonald@mofo.com

*Attorneys for Defendants The UPS Store, Inc., RK & SP Services, LLC, and Hamilton Pack N Ship LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a true and complete copy of the within NOTICE OF REMOVAL to the following counsel of record for Plaintiff Barbara McLaren via UPS and electronic mail:

**COHEN, PLACITELLA & ROTH**
Jared M. Placitella (NJ Bar No. 068272013)
Two Commerce Square
2001 Market Street, Suite 2900
Philadelphia, PA 19103
Tel: (215) 567-3500
jmplacitella@cprlaw.com

**WHITFIELD BRYSON LLP**
Daniel K. Bryson, Esq.
Jeremy R. Williams, Esq.
PO Box 12638
Raleigh, NC 27605
(919) 600-5000
dan@whitfieldbryson.com
jeremy@whitfieldbryson.com

**WHITFIELD BRYSON LLP**
Caroline Ramsey Taylor, Esq.
518 Monroe St.
Nashville, TN 37208
(615) 921-6500
caroline@whitfieldbryson.com

This 30th day of July, 2021.

/s/ David J. Fioccola

David J. Fioccola